NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL CONFERENCE OF PERSONAL MANAGERS, INC., a Nevada not-for-profit corporation, | No. 15-56388 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-09620-DDP-RZ |
| v. | MEMORANDUM[*] |
| EDMUND G. BROWN, Jr., Governor of the State of California, in his official capacity, and JULIE A. SU, California Labor Commissioner, in her official capacity, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted April 6, 2017[**]
Pasadena, California

Before: PLAGER,[***] CLIFTON, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

The National Conference of Personal Managers ("NCOPM") appeals from the district court's dismissal of its claims against the California Governor and Labor Commissioner for failure to state a claim.[1] NCOPM alleged that the defendants' enforcement and interpretation of the California Talent Agencies Act ("TAA"), Cal. Lab. Code §§ 1700 *et seq.*, are unconstitutional under the Fourteenth Amendment, Commerce Clause, and First Amendment. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.    The district court correctly determined that the Governor had sovereign immunity from this suit because he lacked the requisite connection to enforcement of the TAA. To overcome the protections of sovereign immunity to sue a state official, the plaintiff must show that the official "[has] some connection with the enforcement of the act[.]" *Ex Parte Young*, 209 U.S. 123, 157 (1908). The Governor is responsible for executing and enforcing the laws of California, but the general enforcement of laws does not establish the "requisite enforcement connection" to overcome sovereign immunity. *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002).

The district court correctly determined that the Labor Commissioner had the

---

[1] NCOPM also appealed the dismissal of its claims against the California Attorney General, who is no longer a party to this appeal following this court's order and a stipulated dismissal pursuant to Fed. R. App. Proc. 42(b).

2

requisite connection to enforcement of the TAA to be sued. *See* Cal. Lab. Code §§ 1700.3, 1700.6, 1700.7, 1700.15, 1700.21, and 1700.29. These connections are sufficient such that the Labor Commissioner is subject to suit under *Ex Parte Young*.

The district court also correctly determined that NCOPM had standing for declaratory and injunctive relief. The district court determined that NCOPM represents members who were subject to enforcement of the TAA based on the State's past enforcement actions and therefore had the "real and reasonable apprehension that [they] will be subject to liability[.]" *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981).

2.     The district court properly dismissed with prejudice NCOPM's Fourteenth Amendment claim that the TAA violates due process based on facial and as-applied vagueness. A law is unconstitutionally vague if it does not provide a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). NCOPM challenges Cal. Lab. Code §§ 1700.4 and 1700.5 for vagueness, because neither statute allegedly provides adequate notice as to what actions constitute "procuring . . . employment." In rejecting a vagueness challenge to the TAA, the California Court of Appeal noted that Webster's Dictionary defines "procure" as "to get possession of: obtain, acquire, to cause to happen or be

3

done: bring about." *Wachs v. Curry*, 16 Cal. Rptr. 2d 496, 503 (Cal. Ct. App. 1993), *abrogated on other grounds, see Marathon Entm't, Inc. v. Blasi*, 174 P.3d 741, 748 n.6 (Cal. 2008). As the *Wachs* court observed, the term "procure" is used with respect to employment in several other California statutes and is not "so lacking in objective content as to render the Act facially unconstitutional" or unconstitutional as-applied here. *Id.*

3. The district court properly dismissed with prejudice NCOPM's claim that the TAA violates the dormant Commerce Clause. NCOPM argues that the TAA violates the Commerce Clause because it does not permit out-of-state licenses. But § 1700.19(b) merely provides than an actual license must contain an address of the location in which the licensee is authorized to conduct business as a talent agency – the law does not preclude out-of-state parties from becoming licensed talent agencies.

NCOPM also argues that § 1700.44(d) creates a discriminatory two-tier system for talent representation, because out-of-state parties cannot become licensed and therefore any out-of-state party can only negotiate an employment contract with the consent of an in-state licensed agency. But § 1700.44(d) merely provides that "[i]t is not unlawful" for an unlicensed person or corporation to act "in conjunction with, and at the request of, a licensed talent agency in the negotiation of an employment contract." It does not preclude out-of-state

4

licensees.

In addition, NCOPM argues that § 1700.12(b) is discriminatory because it imposes a $50 fee on in-state talent agency offices. This is true, but this $50 fee does not discriminate against out-of-state parties and therefore does not violate the Commerce Clause.

4.    The district court properly dismissed with prejudice NCOPM's claim that the TAA violated the First Amendment. We agree with the district court that the TAA regulates non-expressive conduct, not speech. Because the TAA "regulates a professional practice that is not inherently expressive, it does not implicate the First Amendment." *Pickup v. Brown*, 740 F.3d 1208, 1230 (9th Cir. 2014). It is only subject to rational basis review, which it survives. *See Marathon Entm't, Inc.*, 174 P.3d at 746-47 (noting that the TAA was enacted to prevent the exploitation of artists by representatives).

5.    We grant the appellees' request for judicial notice. *See W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008).

**AFFIRMED**.